J-A15044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
   :
      v.    :
   :
   :
   :
TYLER J. WILSON    :
   :
      Appellant    :    No. 905 MDA 2024

Appeal from the Judgment of Sentence Entered May 28, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002118-2022

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: JULY 25, 2025**

Appellant, Tyler J. Wilson, appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County on May 28, 2024. Appellant proceeded to trial by jury, and after a four-day trial, was convicted on February 1, 2024, of one count Murder in the Third Degree, one count firearms carried without a license, and eight counts recklessly endangering another person. Defendant was also found guilty by the trial court of person not to possess firearms based upon a stipulation entered into by the parties. After careful review, we affirm.

By way of background, in the early morning hours of March 19, 2022, the victim, Jatavis Scott, was shot and killed outside "Club Twenty3" in Manheim Township, Lancaster County, Pennsylvania. N.T. at 230, 247, 286,

---

[*] Former Justice specially assigned to the Superior Court.

321, 323. Following trial, the jury found beyond a reasonable doubt that Appellant, Tyler J. Wilson, fired the shots that resulted in the death of Mr. Scott and endangered the lives of several bystanders.

Appellant arrived at the nightclub with two friends on Friday, March 18, 2022. N.T. at 563-565, 600. Later in the night, security footage from within the club showed Appellant and the victim involved in a verbal altercation. N.T. at 279. At approximately 1:00 AM on March 19, 2024, club security observed a disturbance near the club entrance and, at the direction of club management, ejected the patrons involved in that interaction from the club, including Appellant and the victim. N.T. 119, 120, 189-190, 476. During the ejection, several of the patrons being removed were seen striking and punching each other. N.T. at 478. These altercations continued into the parking lot, prompting club security to pursue and attempt to separate the combatants. N.T. at 205, 422, 486, 585.

Shortly thereafter, the club's manager, Jonathan Bottoms, separated two combatants who had been rolling on the ground wrestling while punching and striking each other, one of whom was Appellant. N.T. at 198-206, 220, 228. After the two had been separated, security guard Justin Keith saw Appellant tucking a firearm into his waistband while reengaging the victim. N.T. 485-487, 508-510. Keith did not see any other individuals carrying firearms in the parking lot. N.T. at 487, 409. Although Keith did not see Appellant fire any shots directly, he heard several shots from very nearby which caused him to dive for cover between two cars. N.T. 485-487, 508-510.

There were, however, several videos, including cell phone video taken by a bystander and security recordings from the club's exterior, which captured the shooting itself. N.T. 167-175, 279-286, 335, 341, 343, 350.

Footage played at trial showed Appellant and the victim engaging verbally before a "small triangle of light" appears at Appellant's hand at the moment of the shooting, which caused those surrounding the altercation to flee. N.T. 358-359, 635. Detective Nicholas Fritz described the footage as showing a pistol in Appellant's hand, which emits a muzzle flash immediately followed by a general scattering of those present at the scene. N.T. 358-359. This video footage was played for the jury several times, at both regular and reduced speeds. N.T. at 814-821. After the shots were fired, Appellant and his friend, Koeen Smalls, then ran away from the scene of the shooting and got into the car of another friend, who drove them around the corner before stopping his vehicle and telling Appellant to "get the fuck out," which Appellant did; Mr. Smalls remained in the vehicle as it departed. N.T. at 424-425.

Further, the Commonwealth called Dr. Wayne Scott, a physician board certified in anatomic pathology and forensic pathology, who performed the autopsy and testified that the victim died from gunshot wound to the chest, and he also testified that said wound was inflicted while both the shooter and the victim were in a standing position. N.T. 453-464. Appellant was thereafter found guilty by the jury of one count Murder in the Third Degree, eight counts recklessly endangering another person, and one count firearms carried without a license.

On May 28, 2024, Appellant was sentenced to twenty to forty years' incarceration. He timely filed his notice of appeal on July 1, 2024, and, following extensions granted by the lower court, filed his concise statement of matters complained of on appeal on October 21, 2024. Appellant raises one issue on appeal:

> "[w]as the Commonwealth's evidence at trial insufficient to support the identity element of the homicide and recklessly endangering another person charges because it failed to sufficiently prove that Mr. Wilson was the person who discharged a handgun in a crowded parking lot and killed the victim?"

Appellant's Brief at 4.

As Appellant has only challenged the sufficiency of the Commonwealth's evidence of the identity of the perpetrator, the scope of our review is likewise narrowed. Our standard of review in addressing a sufficiency of the evidence claim is as follows:

> "[W]hether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to enable the fact[-]finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.
>
> \*
>
> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of

- 4 -

> wholly circumstantial evidence.... Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*

> These principles apply to a challenge to the sufficiency of the evidence offered to identify a defendant as the perpetrator of the alleged crime."

***Commonwealth v. Pledger***, 332 A.3d 29, 34 (Pa. Super. 2025)(internal citations omitted).

Here, the Commonwealth adduced sufficient evidence to prove that Appellant fired the shot which caused the death of Jatavis Scott and endangered the occupants of the nightclub's parking lot. Through both eyewitness testimony and video evidence, the Commonwealth established that Appellant and the victim were involved in both verbal and physical altercations throughout the evening, both within and outside of the nightclub, which eventually caused the ejection of both individuals' parties. Immediately prior to the shooting, a security guard saw Appellant tucking a pistol into his waistband before approaching the victim. Again, through both video and eyewitness testimony, the Commonwealth showed that Appellant approached the victim: the video depicts Appellant stood before the victim and held an object in his hand which emits several flashes, or "small triangles" of light, at the same moment several witnesses report hearing gunshots. The video depicts a general scattering of bystanders immediately following the flashes. Viewing this evidence in the light most favorable to the Commonwealth as the

verdict-winner, and drawing all reasonable inferences therefrom, we are satisfied that the Commonwealth adduced sufficient evidence to support the jury's verdict.

As such, we find that Appellant's single issue presented merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/25/2025